MEMORANDUM *
Plaintiff American Guarantee and Liability Insurance Company appeals from the district court’s holding on cross-motions for summary judgment that Defendant Lexington Insurance Company did not have a duty to defend BBI Construetion in a lawsuit brought by an employee of RCM Fire Protection, David Trahan. We have jurisdiction under 28 U.S.C. § 1291 and now reverse and remand.
The insurance policy that Lexington Insurance issued to RCM extended coverage to additional insureds where required by written contract. The Letter of Intent between BBI and RCM satisfied this requirement. There is no genuine issue of material fact as to whether the letter was a binding contract to furnish documents evidencing general liability coverage naming BBI as an additional insured. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (“There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.”).
Moreover, BBI qualified as an additional insured under the insurance policy because Trahan’s injuries arose out of ROM’s ongoing operations performed for BBI. RCM was subcontracted by BBI to furnish and install fire sprinklers inside the Veterans Memorial Building. David Trahan was on the job site walking towards an official exit gate when a piece of lumber fell from the roof and hit him on the head. This is sufficient to establish the requisite minimal connection between RCM’s ongoing operations performed for BBI and Trahan’s injury. See Acceptance Ins. Co. v. Syufy Enters., 69 Cal.App.4th 321, 81 Cal.Rptr.2d 557 (Cal.Ct.App.1999) (“California courts have consistently given a broad interpretation to the terms ‘arising out of or ‘arising from’ in various kinds of insurance provisions. It is settled that this language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a *600 factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship.”).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.